UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AirFX, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:11-cv-802-WTL-DKL |
| | ) |
| J.D. BRAUN, et al., | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendant Dr. V-Twin's motion to dismiss pursuant to FRCP 12(b)(2) or, in the alternative, FRCP 12(b)(3) (dkt. no. 21). The Defendant J.D. Braun joins in Dr. V-Twin's motion (dkt no. 35). The motion is fully briefed, and the Court, being duly advised, finds that it lacks personal jurisdiction over Defendants Dr. V-Twin and Braun and accordingly **GRANTS** the motion to dismiss as to these Defendants. The Court also finds that it lacks personal jurisdiction over Defendant M.C. Advantages, and therefore dismisses the case as to Defendant M.C. Advantages as well.

### I. STANDARD

The United States Courts of Appeals for the Federal Circuit has exclusive jurisdiction over appeals from a final decision of a district court of the United States in a civil action arising under any Act of Congress relating to patents. 28 USC § 1295(a)(1). Where the personal jurisdiction inquiry is "intimately involved with the substance of the patent laws," Federal Circuit law governs. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003).

Where, as here, a motion to dismiss is resolved without an evidentiary hearing, the plaintiff need only make a *prima facie* showing that the Defendants are subject to personal

jurisdiction. *Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1201(Fed. Cir. 2003). Accordingly, the pleadings and affidavits are construed in the light most favorable to the plaintiff. *Id.*

## II. FACTUAL BACKGROUND

In 2004, inventor Jeffrey Schwindt began developing products for the motorcycle industry through his company, AirFX. On June 10, 2005, Schwindt filed a patent application for motorcycle suspension equipment that eventually resulted in U.S. Patent No. 7,559,396. Sometime thereafter, the Defendants began manufacturing and selling motorcycle suspension equipment. AirFX alleges that the Defendants have infringed AirFX's patent by manufacturing and selling Defendant Braun's motorcycle suspension system in violation of 35 U.S.C. § 271. The Defendants now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or Federal Rule of Civil Procedure 12(b)(3) for improper venue, or, in the alternative, move to transfer pursuant to 28 U.S.C. § 1404(a).

## III. DISCUSSION

Where, as here, there is no applicable federal statute providing for nationwide service of process, a federal district court may exercise personal jurisdiction over a defendant if a court of the state in which it sits would have such jurisdiction. Fed.R.Civ.P. 4(k)(1)(A). The test for personal jurisdiction thus has two steps. First, the Court analyzes whether jurisdiction exists under the state long-arm statute. Second, if such jurisdiction exists, the Court determines whether its exercise is consistent with the limitations of due process. *Trintec Indus., Inc., v. Time to Invent, LLC*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). In this case, the applicable long-arm "statute" is Indiana Trial Rule 4.4(A), which reduces the analysis of personal jurisdiction to the

issue of whether its exercise is consistent with the federal due process clause. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006). The question thus becomes whether AirFX has shown "minimum contacts" between the Defendants and the forum establishing that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (Fed. Cir. 2000) (citing *Int' Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This standard insures that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The test for specific personal jurisdiction employs a three-pronged inquiry determining whether (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008).

Braun and Dr.V-Twin point to following facts in support of their assertion that this Court lacks personal jurisdiction over them:

- Dr. V-Twin is a California corporation.
- Other than this lawsuit, Dr. V-Twin has never appeared in any court in Indiana or otherwise invoked the privileges, protections, and authority of Indiana's government.
- Braun has his principal place of business in California.
- Neither Dr. V-Twin nor Braun has employees or offices in Indiana.
- Dr. V-Twin and Braun pay taxes in California.
- Neither Dr. V-Twin nor Braun has ever entered into a contract in Indiana.

3

- Neither Dr. V-Twin nor Braun has ever targeted any advertising to Indiana.

- Neither Dr. V-Twin nor Braun is qualified to do business in Indiana and neither has ever attempted to do business in Indiana.

- Neither Dr. V-Twin nor Braun has any real property, personal property, bank accounts or other assets located in Indiana.

- No employee, representative or agent of Dr. V-Twin or Braun has traveled to Indiana for the purpose of transacting, soliciting, or otherwise representing either of the Defendants.

- Neither Dr. V-Twin nor Braun maintains an address or telephone number in Indiana, pays taxes in Indiana, or has applied for or received any Indiana business licenses.

AirFX argues that specific personal jurisdiction exists as to all three Defendants because the Defendants have marketed infringing products to residents in Indiana via Braun's and M.C. Advantages' websites and Dr. V-Twin's forum post.[1] Specifically, Defendant Braun operates the website www.shotgunshock.com. Braun also markets and sells his product through distributors, including M.C. Advantages and Dr. V-Twin. M.C. Advantages operates the website www.mcadvantages.com, from which a customer can purchase motorcycle suspension equipment. The M.C. Advantages website also has a "dealer locator" that lists dealers who sell M.C. Advantages' products, including dealers in Indiana. Dr. V-Twin once advertised that it ships "in the lower 48 [states]" on a motorcycle equipment forum.

---

[1] AirFX also argues that Dr. V-Twin's presence in the forum can be extrapolated from a forum post in which a blogger discusses his purchase from Dr. V-Twin and lists his location as "Central Indiana." But even if the blogger was indeed located in Indiana, this fact does not shed any light on the location or manner of the purchase of equipment from Dr. V-Twin.

Furthermore, Defendant Braun is subject to specific personal jurisdiction, so AirFX contends, because his distributors and dealers purposefully direct activity at Indiana residents. AirFX argues that a court may exercise jurisdiction over a distributor that serves the relevant jurisdiction indirectly by "delivering its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State" pursuant to *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 306 (1980). AirFX then maintains that

> [i]n the present case, just as in *World-Wide*, Braun purposefully injected his infringing goods into the stream of commerce with the expectation that the products would be taken to other forums. Although each and every Defendant in this action sells its products across a range of forums, Braun, by engaging distributors such as the other two Defendants, specifically contemplates that his products will enter numerous forums. Accordingly, Braun has subjected itself to this forum by delivering products into the stream of commerce with a hope and expectation that they will be purchased by consumers in this forum.

However, the mere existence of nationally-accessible websites is a poor foundation on which to base personal jurisdiction. *Cf. GTE,* 199 F.3d at 1349 (discussing the District of Columbia's long-arm statute and holding that "[p]ersonal jurisdiction surely cannot be based solely on the ability of District residents to access the defendants' websites, for this does not by itself show any persistent course of the conduct by the defendants in the District"). The difficulty with basing personal jurisdiction on the pure existence of a website, even one by which purchases can be made, is that such a website is not inherently directed at customers within a certain forum, but is instead available to all customers throughout the country who have access to the Internet. *Trintec*, 395 F.3d at 1281. Indeed the contrary rule would establish personal jurisdiction in internet-related cases in any forum in the country. *GTE,* 199 F.3d at 1350. AirFX offers the conclusory assertion that the Defendants have marketed infringing products to Indiana residents, but absent some concrete showing that the Defendants directed their websites to

5

Indiana residents, the existence of these websites alone can not support the exercise of personal jurisdiction over the Defendants. *Accord Be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). Similarly, *World-Wide Volkswagen* and its progeny can not be stretched so far as to encompass the attenuated and speculative link between Braun and the "dealers" listed on M.C. Advantages' website in order to assert personal jurisdiction on a stream of commerce theory.

Finally, the Court also notes that Defendant M.C. Advantages did not join the other Defendants in filing the instant motion to dismiss. However, AirFX has presented its argument that M.C. Advantages is subject to personal jurisdiction, which rests on the same grounds as its argument against Dr. V-Twin and Braun, and Dr. V-Twin has argued against the exercise of personal jurisdiction over M.C. Advantages. Accordingly, the Court finds it appropriate to *sua sponte* dismiss AirFX's claims against M.C. Advantages for lack of personal jurisdiction.[2]

For the reasons set forth above, the Court determines that it lacks personal jurisdiction over the Defendants. Furthermore, transfer pursuant to 28 U.S.C. § 1631 is not proper because the Plaintiff has not shown that another forum would have personal jurisdiction over all three Defendants. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED: 11/14/2011

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication

---

[2] Because the Court finds that it lacks personal jurisdiction over the Defendants, it does not address the Defendants' alternative requests for dismissal for improper venue or transfer.